UNITED STATES COURT OF APPEALS

FIFTH CIRCUIT

No. 95-20433

IN RE: GENERAL HOMES CORP.,
                Debtor;


NATHAN NAHMIAS,

                                        Appellant,

        versus

        GENERAL HOMES CORP. and
        FGMC, INC.,

                                        Appellees.


Appeal from the United States District Court
for the Southern District of Texas
(4:94-CV-16)


April 1, 1996
Before WIENER, PARKER, and DENNIS, Circuit Judges.

PER CURIAM:[*]

    Nathan Nahmias, a holder of unsecured bonds issued by the debtor, General Homes Corp., appeals the district court's dismissal of the appeal of the bankruptcy court's order confirming a plan of reorganization under Chapter 11 of the Bankruptcy Code.

    This bankruptcy case began by involuntary petition on July 10, 1990. Following appropriate proceedings, the bankruptcy court

_____

    [*]Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

confirmed a reorganization plan in October of 1991. The Official Committee of Unsecured Creditors appealed this order to the district court. The bankruptcy court denied a motion to stay execution of the plan pending appeal, and no such request was made in the district court.

Debtor GHC filed a motion to dismiss the bankruptcy appeal. The district court did not rule on the motion to dismiss and took the appeal under advisement. On March 6, 1995, GHC filed a renewed motion to dismiss the appeal, contending that the appeal should be dismissed as moot because of substantial completion of the reorganization approved by the bankruptcy court. The unsecured creditors' committee did not oppose this motion. However, following this renewed motion, appellant Nahmias filed a response and two amended responses objecting to dismissal of the appeal, making his first appearance in the proceedings. On April 11, 1995, the district court denied GHC's motion to dismiss.

On April 24, 1995, GHC filed a motion asking the district court to reconsider its order denying the motion to dismiss. Nahmias did not object to the motion to reconsider. On May 5, 1995, the district court granted GHC's motion and dismissed the appeal as moot. Nahmias timely filed this appeal. GHC filed a motion to dismiss for lack of jurisdiction, contending that Nahmias did not have standing to appeal. GHC also filed a request for damages under Rule 38 of the Federal Rules of Appellate Procedure, contending that Nahmias's appeal was frivolous. GHC's motions were

2

carried with the case.

The substance of this appeal by Nahmias is that the district court's order dismissing the bankruptcy appeal as moot was error. On appeal, Nahmias offers numerous reasons why this appeal should not have been dismissed as moot. However, Nahmias did not present these arguments to the district court. In his responses filed in the district court, Nahmias objected to dismissal of the appeal

> on the grounds that the plans of reorganization in the above-referenced cases were confirmed contrary to the provisions of the United States Bankruptcy Code and dismissal of the appeal will result in rendering [his] debentures valueless, in violation of the applicable provisions of the United States Bankruptcy Code.

Nahmias offered no more specific objection.

"`[T]o be preserved, an argument must be pressed, and not merely intimated.' In short, the argument must be raised to such a degree that the trial court may rule on it . . . ." *In re Fairchild Aircraft Corp.*, 6 F.3d 1119, 1128 (5th Cir. 1993) (citations omitted). Nahmias's general objections to the reorganization plan clearly failed to address whether the bankruptcy appeal had become moot. Therefore, his arguments to this court that the appeal should not have been considered moot were not properly preserved for review.

As a general rule, this court will not address arguments presented for the first time on appeal, and Nahmias has offered no reason to make exception in the present case. Because Nahmias did not properly preserve his arguments on the substance of this

appeal, he has presented to this court no "legal points arguable on their merits." *Howard v. King*, 707 F.2d 215, 219-20 (5th Cir. 1983) (quoting *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967)).

ACCORDINGLY, this appeal is DISMISSED AS FRIVOLOUS. *See Local Rule 42.2.* We caution Nahmias that any additional frivolous appeals filed by him will invite the imposition of sanctions.

IT IS FURTHER ORDERED that appellees' motion to dismiss this appeal for lack of jurisdiction is DENIED AS MOOT.

IT IS FURTHER ORDERED that appellees' request for damages and single or double costs under Fed. R. App. P. 38 is DENIED.